IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM JUSTIN HOWARD,

    Plaintiff

VS.

Sheriff TOMLYN T. PRIMUS, HANCOCK COUNTY COMMISSIONERS, and DR. OMAR AKHRAS,

    Defendants

NO. 5:05-CV-444 (WDO)

O R D E R

    Plaintiff **WILLIAM JUSTIN HOWARD**, presently confined at the Hancock County Jail in Sparta, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

    It is hereby **ORDERED** that plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

## I. BACKGROUND

The gravamen of plaintiff's complaint is that officials at the Hancock County Jail have not provided him with adequate medical care for injuries plaintiff suffered in a June, 2005 automobile accident, prior to plaintiff's confinement. Specifically, plaintiff alleges that the jail doctor refused to prescribe plaintiff medication without permission from Sheriff Tomyln T. Primus.

Plaintiff files this action seeking $250,000 in damages and injunctive relief in the form of proper medical treatment.

## 2. ORDER TO SUPPLEMENT

After reviewing plaintiff's complaint, the Court finds that additional information about his contentions is needed before a proper evaluation of his claims and allegations can be made. Accordingly, plaintiff is instructed to supplement his complaint by explaining:

(1) the nature of the injuries plaintiff suffered in the June, 2005 automobile accident;

(2) the specific medication he is seeking from officials at the Hancock County Jail;

(3) why he believes his injuries require this medication;

(4) the exact dates on which he was denied this medication; and

(5) whether he received any medical treatment, including any alternative medications.

For each named defendant, plaintiff should explain specifically the actions taken by each such individual or the duties he or she failed to perform that allegedly violated plaintiff's constitutional rights. Plaintiff should explain to the Court specifically why each defendant should be liable to him in this lawsuit, whether through his/her personal knowledge or involvement in the alleged unconstitutional conditions or because of some other connection to the alleged conditions, such as a policy or practice that was responsible for the alleged constitutional violations.

If plaintiff believes that he was denied any other form of medical care, he should state such claim with the specificity directed above. In addition, if plaintiff is alleging that any consequences befell him from being denied treatment and/or medication, he is instructed to describe specifically the nature of those consequences.

Plaintiff is hereby given **THIRTY (30) DAYS** from receipt of this order to submit a supplement to his complaint, limited to these claims only. No other claims will be considered. If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed. There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 13th day of December, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE