IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

WILLIAM JUSTIN HOWARD,

        Plaintiff

VS.

TOMLYN T. PRIMUS, *et al.*,

        Defendants

NO. 5:05-CV-444 (WDO)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

# ORDER AND RECOMMENDATION

Defendant TOMLYN T. PRIMUS has filed a MOTION FOR SUMMARY JUDGMENT against plaintiff WILLIAM JUSTIN HOWARD in the above-styled case. Tab #20. Though he was advised of his right to respond to the Primus' motion (Tab #21), Howard failed to do so. Accordingly, the motion for summary judgment is **unopposed**, but the undersigned will still view the facts in the light most favorable to the plaintiff as required by the Rules of Civil Procedure.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While

the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See **Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc***., 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc***., 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

# FACTS

The facts of the case against Sheriff Primus are undisputed, to-wit: Plaintiff Howard tested positive for cocaine after he was involved in a motor vehicle accident on June 27, 2005. Affidavit of Sheriff Tomlyn T. Primus, Tab #20-3 at ¶87. He was incarcerated at the Hancock County Detention Center on or about September 9, 2005, after being arrested for first degree vehicular homicide and driving under the influence. *Id.* He was released from the detention center on January 13, 2006. *Id.*

Plaintiff Howard alleges that while he was incarcerated, he was not provided adequate medical assistance. Complaint, Tab #1 at 4. Specifically, he alleges that the defendants' refusal to provide him with narcotic medication for his pain and antibiotics for his contemplated surgery constitutes a constitutional violation. Supplement to Complaint, Tab #5 at 5 [of 6]. Though he was not provided with the treatment he desired, plaintiff was afforded medications (*id.*) which he refused on at least eighteen occasions. Tab #20 at ¶13.

Sheriff Primus does not interfere with the treatment or medication the prison physicians afford inmates. *Id.* at ¶4. He does not forbid any kind of prescribed treatment. *Id.* at ¶6. Primus has never prohibited the prescription of narcotic medication, and he has never refused to make the necessary arrangements for prisoners who are prescribed narcotics, including isolation. *Id.* at ¶7. No doctor in the detention facility prescribed any drugs for the plaintiff that were not provided to him while he was incarcerated. Defendant Primus Exhibit E, Tab #20-5.

Though Hancock County Detention Center has a grievance system and keeps copies of all grievances filed by inmates, there is no record of any grievance filed by the plaintiff with respect to his medication. Id. at ¶14.

**DISCUSSION**

The correct standard for determining the constitutional adequacy of medical treatment is provided by *Estelle v. Gamble* in which the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, *rehearing denied* 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). A deliberately indifferent delay in treating an inmate's pain can render defendants liable as if they had inflicted the pain themselves, thereby becoming an Eighth Amendment violation. *Brown v. Hughes*, 894 F.2d 1533, 1538 (11th Cir. 1990).

After a review of the evidence in the record, it is apparent that defendant Primus provided the plaintiff with adequate care in that he did not interfere with the treatment that plaintiff Howard's doctors had prescribed. Even if the plaintiff's treatment had been unconstitutionally insufficient, Sheriff Primus would be entitled to qualified immunity because a custodian has never been found to have been deliberately indifferent to an inmate's medical needs when the custodian followed the treatment regimen prescribed by a physician.

Accordingly, IT IS RECOMMENDED that defendant Primus' MOTION FOR SUMMARY JUDGMENT (Tab #20) be GRANTED.[2] **Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned WITHIN TEN (10) DAYS after being served with a copy thereof.**

- 4 -

---

[2] Because it is apparent that the plaintiff has not exhausted his administrative remedies, this case could be dismissed on that basis. However, since a dismissal for failure to exhaust administrative remedies must be without prejudice, in the interest of judicial economy the undersigned RECOMMENDS that the case be disposed of on the merits.

## DEFENDANT DR. OMAR AKHRAS

A review of the docket herein reveals that defendant Dr. Akhras never returned his waiver of service and is therefore not properly before this court. It has also come to the attention of the court that plaintiff Howard has had no contact with the court regarding this action in nearly a year, his last filing having been signed on December 17, 2006, and filed on December 20, 2005.

In the court's December 29, 2005 order (Tab #6), plaintiff was clearly advised that "he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute." Plaintiff shall have TWENTY (20) DAYS from <u>receipt</u> of this order to **show cause why his complaint ought not be dismissed.** If he fails to respond, defendant **DR. OMAR AKHRAS** may be dismissed from this action.

SO ORDERED AND RECOMMENDED this 11th day DECEMBER, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE